*E-FILED 09-14-2010*

**NOT FOR CITATION**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| MICHAEL ALAKOZAI,<br><br>    Plaintiff,<br><br>  v.<br><br>VALLEY CREDIT UNION, A DIVISION OF CEFCU; TD SERVICE COMPANY; and DOES 1-20, inclusive,<br><br>    Defendants.<br>_____/ | No. C10-02454 HRL<br><br>**ORDER (1) GRANTING DEFENDANT VALLEY CREDIT UNION'S MOTION TO DISMISS WITH LEAVE TO AMEND; AND (2) DEEMING MOOT DEFENDANT VALLEY CREDIT UNION'S MOTION TO STRIKE**<br><br>**[Re: Docket Nos. 5 and 7]** |

**BACKGROUND**

Plaintiff Michael Alakozai sues for alleged violations of federal and state law in connection with the refinance of his home mortgage. According to the complaint, the subject property has been plaintiff's principal residence since early 2004. He subsequently refinanced his home mortgage and signed those loan documents on June 22, 2005. Alakozai fell behind in his payments in mid-2008. He alleges that defendant Valley Credit Union (VCU) served and recorded a Notice of Default on August 1, 2008. On or about May 4, 2009, the parties entered a Loan Modification Agreement. Plaintiff alleges that on December 11, 2009, and notwithstanding the Loan Modification Agreement, defendants began foreclosure proceedings and served and published a Notice of Trustee's Sale.

Plaintiff says that on January 30, 2010, he discovered that defendants had misstated the

amount of the finance charges, annual percentage rate and the amount actually financed in connection with the 2005 refinance transaction. By virtue of the filing of the instant lawsuit, Alakozai says that he is exercising his right to rescission and asserts the following five claims for relief: (1) rescission under the Truth in Lending Act (TILA), 15 U.S.C. § 1635; (2) damages under TILA, section 1640; (3) declaratory relief; (4) injunctive relief; and (5) violations of California's Unfair Competition Act, Cal. Bus. & Prof, Code § 17200, *et seq*.

Pursuant to Fed. R. Civ. P. 12(b)(6), VCU[1] now moves to dismiss the complaint and to strike certain allegations from that pleading. Chief among VCU's arguments is that plaintiff's claims for rescission and damages under TILA are time-barred. Plaintiff opposes the motion to dismiss, but appears to concede the merits of VCU's motion to strike.[2] Plaintiff and VCU have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned. 28 U.S.C. § 636(c); FED. R. CIV. P. 73. The matter is deemed appropriate for determination without oral argument, and the September 21, 2010 motion hearing is vacated. CIV. L.R. 7-1(b). This court turns first to VCU's motion to dismiss. Having considered the moving and responding papers, and for the reasons stated below, this court grants the motion to dismiss and deems moot VCU's motion to strike.

LEGAL STANDARD

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the claims in the complaint. "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). In such a motion, all material allegations in the complaint must be taken as true and construed in the light most favorable to the claimant. *See Balistreri*, 901 F.2d at 699. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

---

[1] T.D. Service Company, the only other named defendant, has not appeared.

[2] Defendant correctly notes that plaintiff's opposition is untimely. *See* CIV. L.R. 7-3(a). The court has accepted and considered the belated papers, but does not condone plaintiff's failure to make timely filings in compliance with the court's rules and warns against future noncompliance.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Morever, "the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citations omitted); *see also Iqbal*, 129 S. Ct. at 1950 ("[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss."). However, a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations and "heightened fact pleading of specifics" is not required to survive a motion to dismiss. *Bell Atlantic Corp.*, 550 U.S. at 570. Rather, the complaint need only give "enough facts to state a claim to relief that is plausible on its face." *Id*.

## DISCUSSION

A.     Claim 1:   Rescission Under TILA

Under TILA, the right of rescission expires three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first. 15 U.S.C. § 1635(f). "[Section] 1635(f) completely extinguishes the right of rescission at the end of the 3-year period." *Beach v. Ocwen Federal Bank*, 523 U.S. 410, 412, 118 S. Ct. 1408, 140 L.Ed.2d 566 (1998); *see also King v. California*, 784 F.2d 910, 913 (9th Cir.1986) (holding that TILA, section 1635(f) is an "absolute limitation on rescission actions"). The Ninth Circuit construes section 1635(f) as a "statute of repose, depriving the courts of subject matter jurisdiction when a § 1635 claim is brought outside the three-year limitation period." *Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1165 (9th Cir. 2002).

Here, the allegations of the complaint indicate that plaintiff's refinance was consummated on June 22, 2005, and he did not exercise his right of rescission until the instant lawsuit was filed on June 3, 2010—nearly two years too late. (Complaint ¶¶ 14, 27). Because

1  VCU initiated non-judicial foreclosure proceedings, plaintiff argues that, under TILA section
2  1635(i), he still has the right to rescind, no matter when the loan was consummated. Plaintiff
3  cites no authority for this argument. True, section 1635(i) provides a right of rescission in
4  certain circumstances after the initiation of non-judicial foreclosure proceedings. Nevertheless,
5  section 1635(i) is, by its very terms, "subject to the time period provided in [section 1635(f)]."
6  15 U.S.C. § 1635(i)(1). Plaintiff's arguments to the contrary are unavailing, and his claim for
7  rescission under TILA is time-barred. VCU's motion to dismiss this claim is granted without
8  leave to amend.

9  B.     Claim 2:   Damages Under TILA

10 Claims for damages under TILA are barred by a one-year statute of limitations, which
11 begins to run "from the date of consummation of the transaction." *See King*, 784 F.2d at 915;
12 *see also* 15 U.S.C. § 1640(e). In the instant case, plaintiff's TILA claims arose, at the latest, at
13 the closing of his mortgage transaction on June 22, 2005. As discussed above, he did not file
14 the instant action until June 3, 2010, nearly four years after the limitations period expired.
15 Plaintiff's claim for damages under TILA therefore is untimely.

16 Nevertheless, "equitable tolling may, in the appropriate circumstances, suspend the
17 limitations period until the borrower discovers or had reasonable opportunity to discover the
18 fraud or nondisclosures that form the basis of the TILA action." *King*, 784 F.2d at 915. A
19 motion to dismiss on statute of limitations grounds should be granted only when the assertions
20 of the complaint, read with the required liberality, would not permit the plaintiff to prove that
21 the limitations period was tolled. *See Plascencia v. Lending 1st Mortgage*, 583 F. Supp.2d
22 1090, 1097 (N.D. Cal. 2008) (citing *Durning v. First Boston Corp.*, 815 F.2d 1265, 1268 (9th
23 Cir. 1987)). The doctrine of equitable tolling applies in situations where, despite all due
24 diligence, the party invoking the doctrine is unable to obtain vital information bearing on the
25 existence of the claim, or where he has been induced or tricked by his adversary's misconduct
26 into allowing the deadline to pass. *Hensley v. United States*, 531 F.3d 1052, 1057-58 (9th Cir.
27 2008). "The doctrine is not available to avoid the consequences of one's own negligence and
28 does not apply when a late filing is due to claimant's failure to exercise due diligence in

4

preserving his legal rights." *Id.* at 1058 (citations omitted); *Valdez v. America's Wholesale Lender*, No. C09-02778JF, 2009 WL 5114305 *6 (N.D. Cal., Dec. 18, 2009) (holding that ignorance of the law, standing alone, was insufficient to plausibly state a basis for tolling).

Plaintiff's complaint fails to allege any facts supporting the application of equitable tolling to his TILA damages claim—i.e., the circumstances leading to his discovery of the alleged violations or why he could not have discovered them sooner. In his opposition, Alakozai merely asserts that he did not discover the alleged TILA violations until January 30, 2010 when a non-party reportedly offered to audit his loan file. Moreover, plaintiff acknowledges that he received various documents from VCU (some of which are appended to his complaint). The gravamen of his complaint is that those documents contain inaccurate information. Even viewing Alakozai's complaint with the requisite liberality, the court concludes that defendant's motion to dismiss this claim should be granted.

On the record presented, it is doubtful whether plaintiff could amend his complaint to state a viable claim for relief. *See Bell Atlantic Corp.*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). However, because the applicability of equitable tolling generally depends on matters outside the pleadings, *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1003-04 (9th Cir. 2006), plaintiff may amend this claim if, in compliance with Fed. R. Civ. P. 11, he can truthfully allege facts that would equitably toll the statute of limitations.

C.  Claims 3-5:  Plaintiff's State Law and Common Law Claims

In view of the dismissal of plaintiff's TILA claims, the only asserted basis for federal subject matter jurisdiction, the court declines to exercise supplemental jurisdiction over plaintiffs' common law and state law claims unless and until a viable federal claim is adequately pleaded. *See* 28 U.S.C. § 1367. Accordingly, these claims are also dismissed, without prejudice to plaintiff to include them in an amended complaint that adequately states a viable federal claim for relief.

5

ORDER

Based on the foregoing, IT IS ORDERED THAT:

1. Defendant's motion to dismiss plaintiff's first claim for relief for rescission under TILA is granted without leave to amend.

2. Defendant's motion to dismiss plaintiff's second claim for relief for damages under TILA is granted with leave to amend.

3. Plaintiffs' state law and common law claims are dismissed without prejudice.

4. Defendant's motion to strike is deemed moot.

5. If plaintiff chooses to amend his complaint, his amended pleading shall be filed within 14 days from the date of this order.

Dated:   September 14, 2010

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

1  5:10-cv-02454-HRL Notice has been electronically mailed to:

2  Jason Bradley Shane    jshane@llcllp.com, nduncan@llcllp.com

3  Leo B. Siegel    k9esq@flash.net

4  Leora R. Ragones    lsimantov@llcllp.com, betsym@llcllp.com

5  Michael E. Stone    mikeestone@yahoo.com

6  Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.