**\*E-FILED 12-03-2010\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL ALAKOZAI, | No. C10-02454 HRL |
| Plaintiff, | **ORDER GRANTING DEFENDANT VALLEY CREDIT UNION'S MOTION TO DISMISS WITHOUT LEAVE TO AMEND** |
| v. | |
| VALLEY CREDIT UNION, A DIVISION OF CEFCU; TD SERVICE COMPANY; and DOES 1-20, inclusive, | [Re:  Docket No. 28] |
| Defendants. | |

BACKGROUND

Plaintiff Michael Alakozai sues for alleged violations of federal and state law in connection with the refinance of his home mortgage. According to the complaint, the subject property has been plaintiff's principal residence since early 2004. He subsequently refinanced his home mortgage and signed those loan documents on June 22, 2005. Alakozai fell behind in his payments in mid-2008. He alleges that defendant Valley Credit Union (VCU) served and recorded a Notice of Default on August 1, 2008. On or about May 4, 2009, the parties entered a Loan Modification Agreement. Plaintiff alleges that on December 11, 2009, and notwithstanding the Loan Modification Agreement, defendants began foreclosure proceedings and served and published a Notice of Trustee's Sale.

Plaintiff says that on January 30, 2010, he discovered that defendants had misstated the amount of the finance charges, annual percentage rate and the amount actually financed in connection with the 2005 refinance transaction. Alakozai filed the instant lawsuit, asserting the following five claims for relief: (1) rescission under the Truth in Lending Act (TILA), 15 U.S.C. § 1635; (2) damages under TILA, section 1640; (3) declaratory relief; (4) injunctive relief; and (5) violations of California's Unfair Competition Act, Cal. Bus. & Prof, Code § 17200, *et seq*.

This court granted VCU's Fed. R. Civ. P. 12(b)(6) motion and dismissed plaintiff's TILA rescission claim as time-barred without leave to amend. Plaintiff's TILA damages claim was dismissed as time-barred with leave to amend. Pursuant to 28 U.S.C. § 1367, the court declined to exercise supplemental jurisdiction over plaintiffs' common law and state law claims unless and until a viable federal claim was adequately pled.

Plaintiff subsequently filed a First Amended Complaint (FAC). Briefly stated, plaintiff says that VCU should not be permitted to proceed with the foreclosure of the subject property due to alleged TILA violations and an alleged failure to comply with certain notice requirements as to the Trustee's sale. He has essentially recast his TILA claim as one to recoup $473,339.12 against the sums claimed by VCU in foreclosure. The FAC also asserts claims for declaratory relief, injunctive relief and for alleged violation of California's Unfair Competition Act, Cal. Bus. & Prof, Code § 17200, *et seq*.

Pursuant to Fed. R. Civ. P. 12(b)(6), VCU[1] now moves to dismiss the FAC on the ground that the amended pleading still fails to state a claim for relief. Principally, VCU says that Alakozai cannot raise a claim for recoupment under TILA as a means of avoiding the statute of limitations, which undeniably has run. Alternatively, VCU contends that even if plaintiff has a cognizable claim for recoupment, such a claim arises only under state law and this court therefore lacks jurisdiction over his complaint. Finally, defendant argues that if there is no viable federal claim for relief, plaintiff's related state law claim and claims for declaratory and injunctive relief must also be dismissed. Plaintiff opposes the motion. Plaintiff and VCU

---

[1] T.D. Service Company, the only other named defendant, has not appeared.

2

1 have expressly consented that all proceedings in this matter may be heard and finally
2 adjudicated by the undersigned.  28 U.S.C. § 636(c); FED. R. CIV. P. 73.  The matter is deemed
3 appropriate for determination without oral argument, and the December 7, 2010 motion hearing
4 is vacated.  CIV. L.R. 7-1(b).  Having considered the moving and responding papers, and for the
5 reasons stated below, the court grants the motion to dismiss plaintiff's TILA claim without
6 leave to amend and declines jurisdiction over plaintiff's remaining claims for relief.

## LEGAL STANDARD

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the claims in the complaint.  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  In such a motion, all material allegations in the complaint must be taken as true and construed in the light most favorable to the claimant.  *See Balistreri*, 901 F.2d at 699.  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Morever, "the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged."  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  This means that the "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citations omitted); *see also Iqbal*, 129 S. Ct. at 1950 ("[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss.").  However, a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations and "heightened fact pleading of specifics" is not required to survive a motion to dismiss.  *Bell Atlantic Corp.*, 550 U.S. at 570.  Rather, the complaint need only give "enough facts to state a claim to relief that is plausible on its face."  *Id*.

3

DISCUSSION

As discussed above, the court previously found that plaintiff's TILA claims for rescission and damages are time-barred. Nevertheless, Alakozai argues that his claim for recoupment under TILA is not barred because that claim is raised in response to the foreclosure of the subject property. He further alleges that any applicable statute of limitations should be equitably tolled.

Recoupment is "a defense arising out of some feature of the transaction upon which the plaintiff's action is grounded." *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 415, 118 S. Ct. 1408, 140 L.Ed.2d 566 (1998) (internal quotations omitted). TILA provides that the one-year statute of limitations on damages claims "does not bar a person from asserting a [TILA] violation in *an action to collect the debt* . . . as a matter of *defense* by recoupment or set-off in such action, except as otherwise provided by State law." 15 U.S.C. § 1640(e) (emphasis added). *See also* 15 U.S.C. § 1635(i)(3) ("Nothing in this subsection affects a consumer's right of rescission in recoupment under State law."). Under California law, a claim for recoupment may be brought as a "defense" to an "action," notwithstanding that the claim might otherwise be barred by the statute of limitations if brought as an independent action. CAL. CODE CIV. PRO. § 431.70. The key issues, then, are whether, a non-judicial foreclosure is an "action" and, relatedly, whether Alakozai's claim properly may be characterized as a "defense" to any such "action."

Plaintiff points out that some courts have deemed claims to be valid recoupment claims in certain circumstances. *See, e.g., Botelho v. Citicorp Mortgage, Inc.,* 195 B.R. 558 (D. Mass. 1996) (concluding that debtor's claims properly were deemed recoupment claims in a bankruptcy proceeding); *Dawe v. Merchants Mortgage & Trust Corp.*, 683 P.2d 796 (Colo. 1984) (concluding that federal and Colorado state law permitted a recoupment claim where the claim was raised by the defendants in a state court lawsuit seeking the unpaid balance on their mortgage).

Nevertheless, federal district courts in California have concluded that "non-judicial foreclosures are not 'actions' as contemplated by TILA." *Ortiz v. Accredited Home Lenders, Inc.*, 639 F. Supp.2d 1159, 1165 (S.D. Cal. 2009). *See also Lima v. Wachovia Mortgage Corp.*,

4

1 No. C09-4798TEH, 2010 WL 1223234 *5-6 (N.D. Cal., Mar. 25, 2010) (citing cases).  TILA
2 itself defines an "action" as a court proceeding.  *Ortiz*, 639 F. Supp.2d at 1165 (citing 15 U.S.C.
3 § 1640(e)).  California law also defines an "action" as "an ordinary proceeding in a court of
4 justice by which one party prosecutes another for the declaration, enforcement, or protection of
5 a right, the redress or prevention of a wrong, or the punishment of a public offense."  CAL.
6 CODE CIV. PRO. § 22; *see also Ortiz*, 639 F. Supp.2d at 1165.  Thus, insofar as Alakozai asserts
7 recoupment in response to defendant's non-judicial foreclosure, his claim is not properly
8 deemed a "defense" to an "action" for purposes of avoiding the applicable statute of limitations.

9       Plaintiff, however, maintains that his recoupment claim is valid because VCU has done
10 something to place its foreclosure efforts before the court for review.  Here, Alakozai asserts
11 that, like *Botelho,* he has filed a bankruptcy action in this district, and VCU reportedly has filed
12 a Proof of Claim as a secured creditor in that proceeding.  Thus, Alakozai argues that, even
13 under the reasoning of *Ortiz*, his claim properly may be considered a "defense" to an "action."
14 This court disagrees.  In *Ortiz*, the district court held that the plaintiffs' recoupment claim,
15 brought in response to a non-judicial foreclosure, was not a "defense" to an "action" under
16 TILA.  639 F. Supp.2d at 1165.  In so holding, *Ortiz* distinguished *Botelho* on the ground that
17 the defendant had not done anything to bring its non-judicial foreclosure action before the court
18 for review.  The *Ortiz* court noted that, by contrast, the plaintiff in *Botelho* "filed an adversary
19 complaint before the *same* bankruptcy court in which she advanced her TILA-recoupment
20 theory."  *Id*. at 1164-65.  Further, the *Ortiz* court observed that the bankruptcy court in *Botelho*
21 took into account both defendant's foreclosure action and defendant's filing of a Proof of Claim
22 in evaluating the validity of the debtor's recoupment claim.  *Id*.  Alakozai has not convincingly
23 demonstrated that his claim for recoupment, raised affirmatively here, properly should be
24 considered a "defense" to an "action," notwithstanding that VCU reportedly has filed a Proof of
25 Claim in his bankruptcy action pending before a separate court.  *See Ortiz*, 639 F. Supp.2d at
26 1165 ("When the debtor hales [sic] the creditor into court, the claim by the debtor is affirmative
27 rather than defensive.") (internal quotations and citations omitted).

28

5

The FAC nevertheless asserts that the statute of limitations as to plaintiff's recoupment claim should be equitably tolled. "[E]quitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." *King v. California*, 784 F.2d 910, 915 (9th Cir.1986). A motion to dismiss on statute of limitations grounds should be granted only when the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the limitations period was tolled. *See Plascencia v. Lending 1st Mortgage*, 583 F. Supp.2d 1090, 1097 (N.D. Cal. 2008) (citing *Durning v. First Boston Corp.*, 815 F.2d 1265, 1268 (9th Cir. 1987)). The doctrine of equitable tolling applies in situations where, despite all due diligence, the party invoking the doctrine is unable to obtain vital information bearing on the existence of the claim, or where he has been induced or tricked by his adversary's misconduct into allowing the deadline to pass. *Hensley v. United States*, 531 F.3d 1052, 1057-58 (9th Cir. 2008). "The doctrine is not available to avoid the consequences of one's own negligence and does not apply when a late filing is due to claimant's failure to exercise due diligence in preserving his legal rights." *Id*. at 1058 (citations omitted); *Valdez v. America's Wholesale Lender*, No. C09-02778JF, 2009 WL 5114305 *6 (N.D. Cal., Dec. 18, 2009) (holding that ignorance of the law, standing alone, was insufficient to plausibly state a basis for tolling).

In granting defendant's prior motion to dismiss, this court gave plaintiff leave to amend his complaint to assert facts supporting the application of equitable tolling to his TILA damages claim—i.e., the circumstances leading to his discovery of the alleged violations or why he could not have discovered them sooner. Now having had an opportunity to amend, the FAC merely asserts that tolling is warranted "[b]y reason of defendant's foreclosure." (FAC ¶ 22). Even viewing Alakozai's FAC with the requisite liberality, and in view of the fact that plaintiff has already had a chance to amend, the court concludes that the FAC does not sufficiently state a plausible basis for tolling, and that defendant's motion to dismiss Alakozai's TILA claim should be granted without leave to amend.

Accordingly, plaintiff's TILA claim is dismissed without leave to amend. In view of the dismissal of plaintiff's TILA claim, the court declines to exercise supplemental jurisdiction over plaintiffs' common law and state law claims, and those claims are dismissed without prejudice to asserting them in state court. 28 U.S.C. § 1367.

## ORDER

Based on the foregoing, IT IS ORDERED THAT defendant's motion to dismiss plaintiff's TILA claim is granted without leave to amend. Plaintiffs' state law and common law claims are dismissed without prejudice. The clerk shall enter judgment and close the file.

Dated: December 3, 2010

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

United States District Court
For the Northern District of California

1  5:10-cv-02454-HRL Notice has been electronically mailed to:

2  Jason Bradley Shane    jshane@llcllp.com, nduncan@llcllp.com

3  Leo B. Siegel    k9esq@flash.net

4  Leora R. Ragones    lsimantov@llcllp.com, betsym@llcllp.com

5  Michael E. Stone    mikeestone@yahoo.com

6  Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.